No. 4826. .

STATE OF LOUISIANA ex rel. SLACK et al. *v.* F. A. HALL.-

Where the grounds to dismiss the appeal are, that the right to office is involved, and in such cases, when an appeal is taken, it should be made returnable in ten days after the rendition of the judgment appealed from in conformity with law; that the judgment of the lower court in this case was signed September 20, 1873; that on the twenty-second of the same month the appellants by motion in open court applied for and obtained an appeal returnable on the first Monday of November, 1873;

Held —That the motion to dismiss the appeal must prevail.

The policy of the law in requiring appeals in cases involving the right to office to be made returnable in ten days after rendition of judgment, is obviously to have such cases determined speedily and with the least possible delay. This requirement of the law must therefore be construed strictly.

The illegality of the return is not obviated from the fact that the appellate court was not in session when the judgment was rendered and not to convene again until the first Monday of November.

Had the appeal been made returnable within ten days as the law requires, the appellant would not have lost his right of being heard on appeal as soon thereafter as the court should be in session.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray,* J. *A. L. Slack,* District Attorney pro tem., *R. J. Caldwell* and *John Ray,* for relators and appellants. *Morrison & Farmer,* for defendant and appellee.

ON MOTION TO DISMISS.

TALIAFERRO, J. The grounds presented in support of the motion to dismiss this appeal, are the following :

That the right to office is involved, and in such cases, when an appeal is taken, it should be made returnable in ten days after the rendition of the judgment appealed from, in conformity with section seven of the act No. 45, of the extra session of 1870, and section 1904 of the Revised Statutes, page 331.

That in the appeal taken in this case, the law has not been complied with. The judgment of the lower court was signed September 20, 1873. On the twenty-second of the same month the appellants, by motion in open court, applied for and obtained an appeal returnable on the first Monday of November, 1873.

That the appeal should have been made returnable on the thirtieth of September, and it was by the fault of the appellant that it was not. The authorities relied upon are Ingram *v* Doherty, 21 An. 174; State ex rel. Blandin *v.* Clay, 22 An. 596; State ex rel. Bovee *v.* Herron— not reported. We think the motion must prevail.

The policy of the law in requiring appeals in cases involving the right to office, to be made returnable in ten days after rendition of judgment, is, obviously, to have such cases determined speedily, and with the least possible delay. This requirement of the law must therefore be construed strictly.

State of Louisiana ex rel. Slack et al. v. Hall.

It is argued with some plausibility that the appellate court not being in session, when the judgment was rendered, and not to sit again until the day on which the appeal was made returnable, it would have been nugatory to have the appeal made returnable within ten days. It may be said on the other hand, that had the appellate court been in session, so that the appeal could have been presented within ten days, but being made returnable on the first Monday of November, it clearly might have been dismissed on account of the illegality of the return. That illegality is not obviated from the fact the appellate court was not in session when the judgment was rendered, and not to convene again until the first Monday of November. Had the appeal been made returnable within ten days, as the law requires, the appellant would not have lost his right of being heard on appeal as soon thereafter as the court should be in session.

It is ordered that the appeal be dismissed.